UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 7288 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JOHN H. STROGER, JR. HOSPITAL and COOK COUNTY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Ethel Spencer brought this employment discrimination suit against John H. Stroger, Jr. Hospital and Cook County. The court denied Defendants' motion to dismiss and required them to answer. Doc. 20. Spencer, who litigated the case pro se, did not appear for hearings with the Magistrate Judge on March 18, 2015 and June 2, 2015, and then for hearings with the District Judge on July 16, 2015 and July 23, 2015. Docs. 33-35, 40. The July 23 non-appearance, which followed a warning in the July 16 order that the case would be dismissed if Spencer failed once again to appear for a scheduled hearing, prompted the court to dismiss the case with prejudice for want of prosecution and to enter judgment. Docs. 40-41; *see McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012). However, the dismissal order added: "If Plaintiff had good cause for her many failures to prosecute this case and appear at scheduled hearings, she may file a motion to reconsider and/or to vacate the judgment." Doc. 40.

Five days later, on July 28, 2015, Spencer filed a motion to reconsider. Doc. 43. On July 31, 2015, the motion was denied without prejudice for failure to comply with Local Rule 5.3(b), which requires that all motions be noticed for presentment; the motion also was denied on the merits, as Spencer "provided no legitimate justification for missing multiple court hearings and,

1

in particular, no justification for missing the 7/23/2015 hearing after being warned by the 7/16/2015 order that failure without good cause to appear at the 7/23/2015 hearing would result in dismissal for want of prosecution." Doc. 45. Spencer filed another motion to reconsider on August 7, 2015, Doc. 46, but she again failed to notice the motion for presentment pursuant to Local Rule 5.3(b), and the motion was denied without prejudice on that ground, Doc. 47. Both orders cited *Mickelson v. Mickelson*, 577 F. App'x 613, 615 (7th Cir. 2014), for the proposition that "district courts may require pro se litigants to comply strictly with local rules."

Over three months later, on November 16, 2015, Spencer filed a third motion to reconsider judgment, and this time she noticed the motion for presentment. Docs. 48-49. The motion is denied for two independent reasons.

First, Spencer has failed to satisfy the standards required of a motion filed under Federal Rule of Civil Procedure 60(b). That Rule applies because Spencer filed her motion more than twenty-eight days after judgment was entered. *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion."). The only provision of Rule 60(b) that conceivably applies is Rule 60(b)(1), which provides that a final judgment may be vacated due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). It is necessary to address only the second factor. It took Spencer nearly four months to file a Local Rule-compliant motion to vacate the dismissal order, and over three

months after her second motion was denied without prejudice for failure to comply with Local Rule 5.3(b). It is understandable that Spencer overlooked Local Rule 5.3(b) when filing her first motion; it is not so understandable that she overlooked the Local Rule when filing her second motion; and it is inexcusable that she waited over three months after her second motion was denied without prejudice to file her third. Because Spencer did not take "quick action" to correct the default, her Rule 60(b)(1) motion fails. *See id*. at 165 (holding that the plaintiff did not take "quick action" when he waited five weeks to vacate an adverse judgment and was in solitary confinement for part of that time); *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (holding that the plaintiff did not take "prompt action" when he learned of a judgment in July but did not seek relief from the judgment until late November).

Second, Spencer has made serious material misrepresentations in pressing her motion. As noted, in its order dismissing this suit for want of prosecution after Spencer failed to appear for four hearings, the court stated that "[i]f [Spencer] had good cause for her many failures to prosecute this case and appear at scheduled hearings, she may file a motion to reconsider and/or to vacate the judgment." Doc. 40. In an effort to show good cause for missing the Magistrate Judge's March 18, 2015 hearing, which was set for 9:30 a.m., Doc. 31, Spencer represents: "Plaintiff was ill and late 9 minutes, but no one was in the courtroom once there." Doc. 48 at 1. Likewise, as to the Magistrate Judge's June 2, 2015 hearing, which also was set for 9:30 a.m., Doc. 33, Spencer represents: "Called Defendant's attorney, Nile Miller, to let her know we were 5 minutes behind, but no answer. No one was in Courtroom upon arrival." Doc. 48 at 1.

The transcripts attached to Defendants' response brief demonstrate that both representations are indisputably false. Although Spencer says that she was nine minutes late for the March 18, 2015 hearing and that nobody was in the courtroom when she arrived, the

transcript shows that the status hearing began at 9:42 a.m., twelve minutes after the 9:30 a.m. start time. Doc. 52 at 2; Doc. 52-1 at 3-6. And although Spencer says that she was five minutes late for the June 2, 2015 hearing and that nobody was in the courtroom when she arrived, the transcript shows that the status hearing began at 9:41 a.m., eleven minutes after the 9:30 a.m. start time. Doc. 52 at 2; Doc. 52-1 at 8-10. It is clear, then, that Spencer has attempted to mislead the court as to how late she was for the hearings and thus as to her degree of fault in missing those hearings. The misrepresentations are material; it is one thing to be five or nine minutes late for a hearing, and another to be over ten minutes late. Spencer obviously thought the difference was material, for otherwise she would not have felt it necessary to falsely minimize the degree to which she was late. And making matters worse, Spencer's reply brief repeated the plainly false timelines from her motion. Doc. 56 at 1.

The Seventh Circuit has held that dismissal is the appropriate remedy for misrepresentations comparable to these. In *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011), the Seventh Circuit affirmed the dismissal with prejudice of a suit where the district court concluded that the plaintiff prisoner intentionally failed to list his complete litigation history in his complaint, explaining: "Such sanctions are permissible in a case like this because a district court relies on a party's description of his litigation history to manage its docket. Disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)." *Id*. at 544. Likewise here, the court should have been able to rely on Spencer's representations regarding why and how she missed scheduled hearings in deciding whether she had good cause for doing so. *See also Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604-05 (7th Cir. 2014) (affirming dismissal where the plaintiff made knowing misrepresentations in her *in forma pauperis* application) (citing cases); *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d

752, 754-59 (7th Cir. 2005) (affirming dismissal with prejudice where the plaintiff had assumed the identity of a former co-worker and faxed to the co-worker's former employer a fraudulent request for the co-worker's payroll records).

For each of these reasons, Spencer's motion to reconsider is denied.

April 15, 2016

_____
United States District Judge